UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ANGELA VENISE BOLES, | ) Case No. CV 18-8196-AS |
| Plaintiff, | ) **MEMORANDUM OPINION AND** |
| vs. | ) **ORDER OF REMAND** |
| ANDREW SAUL, Commissioner of the Social Security Administration,[1] | ) |
| Defendant. | ) |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter be remanded for further administrative action consistent with this Opinion.

---

[1] Andrew Saul is now the Commissioner of the Social Security Administration and is substituted in for Acting Commissioner Nancy A. Berryhill in this case. See Fed.R.Civ.P. 25(d).

**PROCEEDINGS**

On September 21, 2018, Plaintiff filed a Complaint seeking review of the denial of her application for Disability Insurance Benefits. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 9-10). On February 14, 2019, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 17-18). The parties filed a Joint Stipulation ("Joint Stip.") on June 11, 2019, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 21).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On November 5, 2014, Plaintiff, formerly employed as a human resource manager, buyer and receptionist (see AR 44, 47-48, 180, 194-98, 205, 242-45, 281), filed an application for Disability Insurance Benefits, alleging an inability to work because of disabling condition since January 31, 2014. (See AR 166-67).

On September 6, 2017, the Administrative Law Judge ["ALJ"], Susan Hoffman, heard testimony from Plaintiff (represented by counsel) and vocational expert ("VE") Bud Lear. (See AR 36-70). On December 19, 2017, the ALJ issued a decision denying Plaintiff's application. (See AR 15-27). Applying the five-step sequential process, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity

since January 31, 2014, the alleged onset date. (AR 17). At step two, the ALJ determined that Plaintiff had the following severe combination of impairments: major depressive order with anxiety; history of retinal detachment, status-post surgical repair (left eye); knee effusion (left); obesity; and mild degenerative disc disease of the cervical spine. (AR 17-18).[2] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings enumerated in the regulations.[3] (AR 18-19).

The ALJ then determined that Plaintiff had the residual functional capacity ("RFC")[4] to perform light work[5] with the following limitations: can never climb ladders, ropes or scaffolds; can no more than occasionally perform all other postural activities; can never work around unprotected heights or moving mechanical parts; and limited to simple routine tasks but not at production-rate pace. (AR 20-25). At step four, the ALJ determined that Plaintiff was not able to perform any past relevant work. (AR 25-26). At step five, the ALJ, relying on the testimony of the VE, found that Plaintiff could perform jobs existing in

---

[2] The ALJ found that Plaintiff's impairment of high myopia of the right eye was non-severe. (AR 18).

[3] The ALJ specifically considered whether Plaintiff's impairments met the following listings: 1.02 (major dysfunction of joint due to any cause), 1.04 (disorders of the spine), 12.04 (depressive bipolar and related disorders), and 12.06 (obsessive compulsive disorder). (AR 18-19).

[4] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

3

significant numbers in the national economy. (AR 26-27). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Social Security Act, from January 31, 2014, through the date of the decision. (AR 27).

The Appeals Council denied Plaintiff request for review of the ALJ's decision. (See AR 1-5). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)(internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges the ALJ erred in: (1) finding that Plaintiff could perform the occupation of mail clerk; (2) finding that Plaintiff could perform the occupation of garment folder; and (3) failing to properly evaluate the opinion of treating psychiatrist, Dr. Hernandez. (See Joint Stip. at 4-6, 10-21, 24-25).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's third claim of error warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's third claim of error, the Court will not address Plaintiff's first and second claims of error.

**A. The ALJ Failed to Properly Assess a Portion of the Opinion of Treating Psychiatrist, Fabian Hernandez, D.O.**

Plaintiff asserts that the ALJ failed to provide any reason, or even specific and legitimate reasons, for rejecting the opinion of treating psychiatrist, Dr. Hernandez, concerning Plaintiff's moderate limitation in the ability to make judgments on simple work-related decisions. (See Joint Stip. at 17-21). Defendant asserts that the ALJ properly evaluated Dr. Hernandez's opinion in assessing Plaintiff's RFC. (See Joint Stip. at 21-24).

An ALJ must take into account all medical opinions of record. 20 C.F.R. § 404.1527(b). Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. §§ 404.1527(b)-(d), 416.927(b)-(d). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

If a treating or examining doctor's opinion is not contradicted by another doctor, the ALJ can reject the opinion only for "clear and convincing reasons." Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008); Lester v. Chater, 81 F.3d at 830 (9th Cir. 1995). If the treating or examining doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester v. Chater, supra.

Fabian Hernandez, D.O., a psychiatrist at the Los Angeles County Department of Mental Health, treated Plaintiff from July 16, 2015 to

approximately November 10, 2016.  (See AR 847, 747, 752-53, 756-57, 760-63, 770-71, 78-79, 786-87, 792-93, 795-96, 801-02, 829-30).

Dr. Hernandez prepared a "Medical Source Statement of Ability to Do Work-Activities (Mental)" dated October 26, 2016.  (See AR 848-50). Dr. Hernandez opined, inter alia, that Plaintiff has moderate limitations ("There is more than a slight limitation in this area but the individual is still able to function satisfactorily.") in the **[t]he ability to make judgments on simple work-related decisions** and in understanding and remembering complex instructions, and that Plaintiff has marked limitations ("There is a serious limitation in this area. There is a substantial loss in the ability to effectively function.") in carrying out complex instructions and in "[t]he ability to make judgments on complex work-related decisions."  (AR 848, bolded for emphasis).

The ALJ addressed Dr. Hernandez's opinion as follows:

> With respect to the claimant's ability to perform the mental aspects of work, I give great weight to the October 2016 opinion of Fabian Hernandez, D.O., the claimant's psychiatrist, that she had moderate limitations in the ability to make judgments on simple work-related decisions and to understand and remember complex instructions, and marked limitations in the ability to carry out complex instruction and make judgments on complex work-related decisions (Exhibit 17F).  The doctor has seen the claimant approximately every two months since July 2015, and his

assessment is consistent with the treatment records (Exhibit 16 F, p. 114; 20F; *see* Exhibit 16F, pp. 37, 45, 53, 59, 62, 68, 96).

Dr. Hernandez's opinion is also generally consistent with, but more restrictive than, those of the state agency medical consultant and the consultative psychiatrist, to which I also give great weight, as they are largely consistent with and supported by the clinical findings. . .

(AR 23-24).

Since the ALJ did not find that Dr. Hernandez's opinion about Plaintiff's moderate limitation in "[t]he ability to make judgments on simple work-related decisions" was *contradicted* by another physician's opinion, the issue is whether the ALJ provided "clear and convincing" reasons for discrediting Dr. Hernandez's opinions. See Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017)("To reject the [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence."; citation omitted).

Although the ALJ claimed to give "great weight" to Dr. Hernandez's opinion, the ALJ appears not to have taken into account Dr. Hernandez's opinion that Plaintiff had a moderate limitation in her ability to make judgments on simple work-related decisions -- a limitation which on November 18, 2014 both Daniel Hoffman, M.D. and Jene E. Verchick, Psy.D. also found (see AR 657 ["The ability to understand, remember, and carry out instructions are affected by the impairment as follows: . . . Make

8

judgments on simple work-related decisions - Moderate Impairment.", 659 [same]) -- when determining Plaintiff's RFC (see AR 20-25).  See <u>Walton v. Colvin</u>, 2015 WL 3649678, *21-*22 (D. Nev. June 11, 2015)(ALJ erred in failing to properly reject or provide any reasons for rejecting the treating physician's opinion, in part, that the plaintiff had a moderate limitation in the ability to make judgments on simple work-related decisions); <u>Lescoe v. Astrue</u>, 2013 WL 100169, *2 (C.D. Cal.  Jan. 8, 2013)(ALJ erred in failing to address the examining physician's uncontradicted finding that the plaintiff had a marked limitation in the ability to make judgments on simple work-related decisions); <u>see also Richardson v. Colvin</u>, 2016 WL 4487823, *5 (C.D. Cal. Aug. 23, 2016)(ALJ erred in accepting an examining physician's opinion that the claimant had a moderate limitation in the ability to respond appropriately to usual work situations and changes in a routine work setting but not incorporating that limitation into the RFC); <u>Sinohui v. Astrue</u>, 2011 WL 1042333, *14 (C.D. Cal. March 18, 2011)("In excluding from his RFC determination [the physician]'s opinions that Plaintiff was moderately limited in his ability to understand and remember detailed instructions, in the ability to carry out detailed instructions, and in the ability to interact appropriately with the general public, the ALJ implicitly rejected those opinions without providing any reason for doing so.  This constitutes error.").[6]

---

[6] Although Defendant attempts to justify the ALJ's decision based on the ALJ's consideration of the evidence in the record and on the ALJ's reliance on the opinions of the examining psychiatrist and non-examining State Agency reviewing physicians (see Joint Stip. at 23), the Court will not consider reasons for rejecting Dr. Hernandez's opinion that were not given by the ALJ in the decision.  See <u>Pinto v. Massanari</u>, 249 F.3d 840, 847-48 (9th Cir. 2001); <u>SEC v. Chenery Corp</u>., 332 US 194, 196 (1947).

Here, the ALJ failed to provide any reasons, let alone "clear and convincing" reasons, for rejecting Dr. Hernandez's opinion about Plaintiff's moderate limitation in her ability to make judgments on simple work-related decisions.

Contrary to Defendant's assertion (see Joint Stip. at 23-24), the ALJ's failure to properly reject Dr. Hernandez's opinion concerning Plaintiff's moderate limitation in her ability to make judgments on simple work-related decisions was not harmless error. Since the ALJ did not provide reasons for rejecting that portion of Dr. Hernandez's opinion, the ALJ's error cannot be deemed "inconsequential to the ultimate nondisability determination." See Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008).

**B. Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is

appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, 211 F.3d at 1179-81.

A remand is appropriate where, as here, the ALJ finds a physician's opinion credible but then fails to include or address material aspects of that opinion in the RFC determination. See Bagby v. Commissioner, 606 Fed. Appx, 888, 890 (9th Cir. 2015). Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[7]

//
//
//

---

[7] The Court has not reached any other issue raised by Plaintiff except to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's errors in finding that Plaintiff could perform the occupation of mail clerk and garment folder (see Joint Stip. at 4-6, 10-17). Because this matter is being remanded for further consideration, these issues should also be considered on remand.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 21, 2019

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE